## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOUGLAS McAWARD, | : | 3:10cv496 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KETT, INC. and SHEILA McKENNA, | : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

The genesis of this action is an alleged oral agreement between plaintiff Douglas McAward and defendants Kett, Inc. and Sheila McKenna. The complaint alleges claims of breach of contract, misrepresentation, promissory estoppel, fraud, unjust enrichment wrongful termination, conversion and statutory theft, breach of fiduciary duty, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff represents that he intends to withdraw the claims of wrongful termination.

Defendant has filed a motion to dismiss the claims of misrepresentation, fraud and CUTPA violation.

For the following reasons, the motion to dismiss will be granted.

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

Defendant Kett is a New York corporation that has its office in the state of New York. Defendant McKenna is its President. Plaintiff and McKenna each own one-third of the shares of Kett. During the first years of Kett's existence, McKenna and plaintiff developed a makeup product to be used in conjunction with an individual's appearance on high definition television.

Plaintiff worked for Kett without compensation from 2003 through the first half of 2006. He earned a salary of $1,000 per week commencing in the second half of 2006. Plaintiff's job duties included, inter alia, negotiating with vendors and clients, trade show bookings, arranging for shipping and travel for trade shows, attending trade shows, arranging for training classes throughout the United States, bookkeeping, maintaining payroll, and preparing tax returns and making the tax payments.

Plaintiff used his personal credit cards to finance the operations of Kett. McKenna agreed to pay the balances on plaintiff's credit cards that were attributable to Kett's expenses. During the course of plaintiff's employment, such payments were made to plaintiff.

From December 2003 until August 2006, plaintiff commuted from Connecticut to Kett's office in New York. In August 2006, plaintiff's presence was required at Kett on a daily basis. Between August 2006 and April 2009, plaintiff rented an apartment located at College Point, New York. McKenna agreed to reimburse plaintiff for the rental and other costs of the apartment.

On December 18, 2008, a meeting of the Kett Board of Directors was held. At this meeting, it was decided by unanimous vote that Kett would hire an outside group to assist in reorganizing the company and obtaining outside financing.

On December 20, 2008, plaintiff was informed by McKenna that another meeting had been held. At that meeting, McKenna and two other shareholders had decided not to seek the assistance of an outside group to assist with reorganization and financing to grow the company.

Plaintiff performed his duties as an employee and owner of Kett until April 29, 2009, at which time he was terminated by McKenna. Kett and McKenna are still in possession of plaintiff's personal property. Kett and McKenna owe plaintiff reimbursement for his payments on rental expenses and credit card balances.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Choice of Law

The parties dispute whether New York or Connecticut law applies to the claims in this case. In deciding which law applies, a "federal court sitting in diversity applies the choice of law rules of the forum state." Lee v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir.1999). The Connecticut Supreme Court has held that the "nature and extent of tort liability is governed by the place of injury." O'Connor v. O'Connor, 201 Conn. 632, 636 (1986). However, courts have not applied this doctrine of lex loci delicti where its

3

application "frustrates the legitimate expectations of the parties and undermines an important policy of this state." Id. at 637. The evaluation of which law should apply should be guided by the factors of the "most significant relationship test" listed in the Restatement (Second) Section 145: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the residence, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Svege v. Mercedes Benz Credit Corp., 182 F. Supp. 2d 226, 229 (D. Conn. 2002). These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In this instance, the allegations of the complaint make clear that the injury claimed — the failure to reimburse plaintiff for his payments — occurred in New York. The most significant relationship test also directs this Court to apply New York law. The injury and conduct giving rise to that injury occurred in New York. Defendant Kett is a New York corporation with its principal place of business in New York, and defendant McKenna is a New York resident. The relationship between plaintiff and defendants was centered in New York where Kett conducted its business. Plaintiff was employed in New York, and the New York defendants' failure to reimburse plaintiff for expenses incurred in connection with his work for a New York corporation constitutes the crux of his claims. Plaintiff's residence in Connecticut represents the only connection to Connecticut. Accordingly, New York has the most significant relationship to the case and its law applies.

Misrepresentation and Fraud

Pursuant to New York state common law, intentional misrepresentation is known

4

as fraud, "which requires that defendant, knowingly and with intent to deceive, make a false representation upon which plaintiff reasonably relies to his detriment." Chen v. United States, 854 F.2d 622, 628 (2d Cir. 1988). Common law fraud claims must be pled with particularity in accordance with the requirements set forth in Federal Rule of Civil Procedure 9(b). Decker v. Nagel Rice LLC, 2010 WL 2346608, *3 (S.D.N.Y. 2010). To allege a material misrepresentation in compliance with Rule 9(b) of the Federal Rules of Civil Procedure, a complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. Of New York, 375 F.3d 168, 187 (2d Cir. 2004).

To maintain a claim of fraud premised upon a breach of contractual duties, a plaintiff must either:

> (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.

AXA Versicherung AG v. New Hampshire Ins. Co., 708 F. Supp. 2d 423, 429 (S.D.N.Y. 2010). Here, plaintiff has failed to allege that defendants owed him any duty separate from the alleged duty to reimburse him for rent and credit card payments as asserted in the breach of contract claim. Accordingly, the fraud/misrepresentation claims will be dismissed.

CUTPA

Defendants assert that plaintiff's CUTPA claim must be dismissed because

plaintiff's claim is dictated by New York state law, the allegations concern a business transaction incidental to the business of the corporation Kett, and the allegations do not describe an unfair trade practice. The Court agrees that New York law applies.

A CUTPA violation may occur outside of Connecticut where the violation is tied to trade or commerce intimately associated with Connecticut, or where Connecticut choice of law principles apply and such principles mandate application of Connecticut law. Reiling Assoc. v. Fisher-Price, Inc., 406 F. Supp. 2d 200 (D. Conn. 2005).

In this instance, the conduct alleged on the CUTPA claim concerns breach of fiduciary duties and contract in connection with Kett, a New York corporation, and McKenna, its President. There is no allegation of a trade or commerce that is intimately tied to Connecticut.

As this Court has previously discussed, the place of injury and most significant relationship test dictate that New York law applies.

However, even if plaintiff's claims are considered under Connecticut law, the CUTPA claim should be dismissed.

Connecticut General Statutes § 42-110b(a) provides, in relevant part:

> No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

A "trade or commerce" is defined by the statute as "the advertising, the sale or rent or lease, or the distribution of any services, and any property . . . and any other article, commodity or thing of value in this state." Conn. Gen. Stat. § 42-110a(4). However, a CUTPA claim may not lie where the complained of practice is incidental to the actual trade or business conducted. Brandewiede v. Emery Worldwide, 890 F. Supp. 79, 81

(D.Conn. 1994). Here, Kett is alleged to be in the trade or business of developing and marketing a makeup product for use in HDTV, and McKenna worked as Kett's President. The failure to pay plaintiff reimbursements for his rent and credit card payments is incidental to the actual trade or business of Kett and McKenna.

Accordingly, the Court will dismiss the CUTPA claims.

Opportunity to Replead

The Court will not afford plaintiff the opportunity to replead the misrepresentation/fraud or CUTPA claims because these claims are not substantively viable.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss [doc. # 21] is GRANTED. Plaintiff is instructed to e-file an amended complaint that removes the dismissed and withdrawn claims.

_____/s/_____
Warren W. Eginton, Senior U.S District Judge

Dated this _20__th day of November 2010, at Bridgeport, Connecticut.

7